UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JONATHAN STEPHENS<br>    also known as "Johnathan Stephens"<br>    and "Jonathan Watts" | No. 18 CR 44<br><br>Judge Ronald A. Guzman |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by Richard Travis, Psy.D. in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the government and defendant's counsel (defined as counsel of record in this case) solely in connection with this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The government and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

3. The government, defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the government, defendant,

defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. The government, defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for violations of this Order. The government shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the defense upon request.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; or (2) returned to Richard Travis, Psy.D. The Court may require a certification as to the disposition of any such materials.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the government or defense counsel in the use of discovery materials in judicial proceedings in this case.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
RONALD A. GUZMAN
District Judge
United States District Court
Northern District of Illinois

Date: May 30, 2019